FILED
FEB 16 2010

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| HOWARD L. HARRISON | \* | CIV 07-4129 |
| | \* | CR 98-40101 |
| Plaintiff, | \* | |
| | \* | ORDER |
| -vs- | \* | |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Howard L. Harrison has filed a Petition for a writ of *audita querela* challenging his conviction (Doc. 1). Mr. Harrison has asked the Court to vacate his 384-month sentence, imposed by this Court on October 29, 2003, and resentence him. The Government filed its Answer to the writ of *audita querela* and an accompanying brief, asserting in part that Harrison's petition should be rejected and dismissed because relief is available under 28 U.S.C. § 2255 and petitioner has not received the requisite permission to file a second or successive motion. (Docs. 6 and 7).

**Background**

On April 20, 1999, following a jury trial, Howard Harrison was convicted of one count of conspiracy in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(A)(I). Pursuant to the federal sentencing guidelines, Harrison was sentenced to 384 months of imprisonment. Harrison's conviction was affirmed by the Eighth Circuit, but the sentence was vacated and remanded for reconsideration in light of the holding in *Apprendi v. New Jersey*, 530

1

U.S. 466, 490 (2000). On remand, this Court imposed a 264-month sentence and Harrison appealed a second time. The Eighth Circuit reversed and remanded, directing this Court to reinstate the original 384-month sentence that it had imposed. *See United States v. Harrison*, 340 F.3d 497 (8th Cir. 2003). On October 29, 2003, this Court entered an Amended Judgment sentencing Harrison for the final time and reimposing the initial 384-month sentence. Harrison did not appeal from that Amended Judgment, but filed a § 2255 motion to vacate, set aside, or correct his sentence on March 28, 2005. This Court denied that motion and dismissed Harrison's case with prejudice on September 28th, 2005. A certificate of appealability was not issued.

Harrison filed this writ of *audita querela* on September 10, 2007. Liberally interpreting Harrison's *pro se* motion, it appears that he believes his sentence was based on an incorrect drug amount. For sentencing, this Court determined the drug amounts of the conspiracy from Fall of 1996 to May 21, 1998, as stated within the indictment. (Indictment, Count 1). Harrison claims he was not a part of the charged conspiracy from May 1997 to August 1997, December 1997 to December 28, 1997, and from February 1998 thereafter. Consequently, Harrison argues that he should not have been held responsible for the drug amounts of other members of the conspiracy during those times.

The Government filed an answer to Harrison's petition for writ of *audita querela* on October 15, 2007. The Government argues that Harrison's claim should be dismissed because relief is available under 28 U.S.C. § 2255. The Government also states that Harrison's petition cannot be considered as a petition under 28 U.S.C. § 2255 because he has not received permission to file a second or successive motion and that any such motion is time barred. Additionally, the Government states that Harrison's claims are not cognizable because they do not rise to the level of a Constitutional violation and were previously either raised and decided on direct appeal or were capable of being raised on direct appeal.

## Discussion

Harrison argues that a federal prisoner may use a petition for writ of *audita querela* in a federal criminal case to obtain relief against the consequences of a prior judgment. He argues that refusal to grant such relief would strip him of access to newly created rights to which he would otherwise be clearly entitled to by operation of the law. Harrison bases his assertions on §1B1.3 U.S.S.G., Amendment 503, which states that, in determining a defendant's offense level, a

"defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." Harrison contends that he was not a part of the conspiracy from May 1997 to August 1997, December 1997 to December 28, 1997, and from February 1998 thereafter, in contrast to "on or about the Fall of 1996 through May 21, 1998," as stated in the indictment.

*Audita querela* was an ancient writ used to attack the enforcement of a judgment after it was rendered. BLACK'S LAW DICTIONARY 126 (7th ed. 1999). Historically, a writ of *audita querela* primarily existed as a remedy for judgment debtors. *United States v. Holt,* 417 F.3d 1172 (11th Cir. 2005). In the civil context, the writ of *audita querela* has been superseded by the Federal Rules of Civil Procedure.[1] It has, however, been recognized in some jurisdictions as a remedy for criminal convictions. *See Holt,* 417 F.3d at 1174; *United States .v Ayala,* 894 F.2d 425, 428 (D.C.Cir. 1990).

The authority of federal courts to recognize common law postconviction remedies is governed by the Supreme Court's decision in *United States v. Morgan,* 346 U.S. 502 (1954). In *Morgan,* the Court held that a federal prisoner may collaterally attack his conviction using the common law writ of coram nobis, and it rejected the contention that 28 U.S.C. § 2255 provides the exclusive remedy for a prisoner to obtain postconviction *habeas corpus* relief in all circumstances. *Id,* 346 U.S at 510-511. Consequently, *Morgan* taught "that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *Ayala,* 894 F.2d 428.

However, several courts have determined that a federal prisoner cannot use *audita querela* to challenge a sentence or conviction after it has been rendered because they can use a § 2255 motion or a writ for coram nobis to mount a collateral attack to obtain postconviction relief. *See United States v. Kimberlin,* 675 F.2d 866 (7th Cir. 1982) (Court affirmed district court's denial of defendant's motion for writ of *audita querela,* which defendant had filed after district court denied defendant's § 2255 motion attacking lawfulness of sentence); *Holt,* 417 F.3d 1172, 1175 (A writ of

---

[1] Writs of coram nobis, coram vobis, *audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. Fed.R.Civ.P. 60(b).

3

*audita querela* may not be granted when relief is cognizable under § 2255). The Fourth, Fifth, Ninth and Tenth Circuits have also determined that a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through a § 2255 motion. *Holt,* 417 F.3d at 1175.

Based on this persuasive authority, we hold that a writ of *audita querela* may not be granted when relief is cognizable under § 2255. While such relief may be afforded under *audita querela* "if a criminal defendant could show that [such] relief...was necessary to plug a gap in the system of federal postconviction remedies," *Kimberlin,* 675 F.2d at 869, in the present case it has not been shown that such a gap exists. Nothing has occurred subsequent to the conviction that remotely creates a legal objection to the conviction, such as might be redressable by a writ of *audita querela.*

Because Harrison is proceeding *pro se,* however, we may liberally construe his *audita querela* motion as a §2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing Sanders v. United States,* 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (noting that a pro se motion should be liberally construed to afford review on any "legally justifiable base").

Harrison already filed a § 2255 motion which was denied by this Court on September 28, 2005. Thus, because this Court has not been authorized by the Court of Appeals to consider a second § 2255 motion, Harrison's motion must be denied. Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive §2255 motion. *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). The writ of *audita querela* cannot be invoked simply to enable a defendant to file a § 2255 motion without complying with the rules governing such motions, or to file a second § 2255 without the requisite permission of the Court of Appeals. *Holt,* 417 F.3d at 1175.

It should also be noted that just because a second § 2255 motion is unavailable to Harrison, that does not support the use of a writ of *audita querela* as a substitute. A "§ 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." *Perez v. Rochester,* 286 F.3d 1059, 1062 (8th Cir. 2002).

## Conclusion

Based upon the foregoing discussion, it is the conclusion of the Court that Harrison's motion for a writ of *audita querela* must be denied. A writ of *audita querela* may not be granted when relief

is cognizable under 28 U.S.C. § 2255, as it is in the instant case. Furthermore, construing Harrison's motion or writ as one made pursuant to § 2255 the Court finds that he has failed to obtain an order from the Court of Appeals authorizing this Court to consider his second and successive motion for relief. Accordingly, the Petition for writ of *audita querela* is DENIED.

Dated this 16th day of February, 2010.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *[signature]*
DEPUTY

(SEAL)